UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Nautilus Insurance Co.

    v.                                      Civil No. 18-cv-633-JD
                                            Opinion No. 2018 DNH 242
Gwinn Design and
Build, LLC, et al.

O R D E R

Nautilus Insurance Company brought a declaratory judgment action against Gwinn Design and Build, LLC; its owner, Richard Gwinn; and Paul J. Stanton, who received a judgment in state court against Gwinn Design and Gwinn, seeking to establish that Nautilus has no obligation to cover the state court judgment.[1] Nautilus moves for summary judgment on Counts V and VI. Stanton objects to summary judgment.

Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact only exists if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting

---

[1] Default has been entered as to Gwinn Design and Gwinn.

summary judgment, could resolve the dispute in that party's favor." Town of Westport v. Monsanto Co., 877 F.3d 58, 64-65 (1st Cir. 2017) (internal quotation marks omitted); Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015).  The facts and reasonable inferences are taken in the light most favorable to the nonmoving party.  McGunigle v. City of Quincy, 835 F.3d 192, 202 (1st Cir. 2016).

Background

As alleged in Paul Stanton's state court complaint, he hired Gwinn Design in August of 2015 for a project to renovate his home in Bedford.  Stanton and Gwinn entered an updated agreement in October of 2015.[2]  Stanton was not satisfied with Gwinn Design's work and notified Gwinn in April of 2016 that the workmanship was faulty and incomplete.  On March 28, 2017, Stanton sent notice to Gwinn of his construction defect and breach of contract claims.  Gwinn did not respond to the notice.

Stanton brought suit against Gwinn in Hillsborough County Superior Court in June of 2017.  Gwinn did not respond, and default was entered against him.  Judgment in the amount of

---

[2] Although Stanton's state court complaint uses the date of October 2, 2016, for the updated agreement, taken in context, that year appears to be a typographical error.

2

$252,665.17 was entered by order of the court on September 13, 2017.

Gwinn Design was insured by Nautilus from May 18, 2015, to May 18, 2016, under a policy of commercial general liability insurance. The policy provides insurance for property damage if caused by an "occurrence." Doc. 1-3, at 10. The insurance provided under the policy is also subject to exclusions. Doc. 1-3, at 11-12. In addition, the policy imposes certain duties on the insured in the event of an occurrence, offense, claim, or suit as a condition of coverage. Doc. 1-3, at 19.

Gwinn did not notify Nautilus of Stanton's suit or of the default and judgment entered against him.[3] Stanton's counsel sent a letter to Nautilus in April of 2018, notifying Nautilus of the judgment against Gwinn. In September, counsel provided by Nautilus on behalf of Gwinn moved to have the state court set aside the default judgment. In the motion, counsel represented that Gwinn had failed to respond to the suit because of his personal circumstances including his wife's divorce action against him. The motion was denied on October 11, 2018.

Nautilus filed suit in this court on July 23, 2018. In the complaint, Nautilus seeks a declaratory judgment that it is not

---

[3] Stanton states that he does not know whether Gwinn provided notice to Nautilus but provides no evidence to contradict Nautilus's statement.

3

obligated under the policy to provide coverage to Gwinn for Stanton's claims and judgment. The complaint includes six counts that raise separate grounds in support of a declaratory judgment.

## Discussion

Nautilus moves for summary judgment on Counts V and VII in its complaint.[4] The motion seeks a declaratory judgment that Gwinn has waived coverage under the Nautilus policy by failing to give notice of an accident and failing to give notice of a claim or suit as required under the terms of the policy.[5] Gwinn did not respond to the motion. Stanton objects to the motion for summary judgment.

In Count V, Nautilus alleges that Gwinn breached his duty under the terms of the policy to give notice of an accident. Nautilus cites Section IV, Part 2.a which requires an insured to give notice of an "occurrence". In Count VII, Nautilus alleges

---

[4] Nautilus cites Count VI but the complaint does not include a Count VI; the counts alleged skip from Count V (Breach of Duty to Give Notice of An Accident) to Count VII (Breach of Duty to Give Notice of A Claim or Suit). Therefore, the court presumes that Nautilus intended to refer to Counts V and VII.

[5] Although Nautilus also discusses an insured's duty of cooperation in the motion, it did not allege a count in the complaint based on that duty.

that Gwinn breached his duty to give notice of a claim or suit, and cites Section IV, Part 2.b and 2.c.

Section IV of the policy addresses "Commercial General Liability Conditions." Part 2.a of Section IV provides that the insured "must see to it that [Nautilus is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." Doc. 1-3, at 19. Part 2.b requires the insured to notify Nautilus "as soon as practicable" if "a claim is made or 'suit' is brought against any insured." Id. Section IV, Part 2.c requires the insured to send Nautilus copies of "any demands, notices, summonses or legal papers received in connection with the claim or 'suit'," to authorize Nautilus to obtain information about the claim or suit, and to cooperate and assist Nautilus in the defense against the claim or suit.

Under New Hampshire law, a breach of the notice requirement in "an occurrence-based liability policy" precludes insurance coverage only if the breach is substantial. Wilson v. Progressive N. Ins. Co., 151 N.H. 782, 785 (2005). Three factors are applied to determine whether a breach is substantial. Id. Those factors are the length of the delay in giving notice, the reasons for the delay, and whether the insurer was prejudiced by the delay. Id.

Delay in providing notice, standing alone, does not establish that the insurer was prejudiced.  Id.  Instead, the insurer "must at the very least provide the court with facts showing prejudice and not merely surmise that it may be prejudiced because certain events may have occurred in the abstract during the period of delay."  Id.  As such, the insurer bears the burden of showing that it has suffered prejudice.  [Dover Mills P'ship v. Commercial Union Ins. Cos., 144 N.H. 336, 339 (1999)](Dover Mills P'ship v. Commercial Union Ins. Cos., 144 N.H. 336, 339 (1999)).

A.  Delay

It is undisputed in this case that Gwinn did not provide notice to Nautilus of Stanton's dissatisfaction with his work, Stanton's suit against him in state court, or the judgment entered in state court.  Counsel for Stanton notified Nautilus of the judgment obtained against Gwinn in April of 2018.  Nautilus then attempted, unsuccessfully, to have the default judgment set aside.

As such, Gwinn never provided notice.  Nautilus was informed of the suit two years after Gwinn knew that Stanton was dissatisfied with his work and ten months after Stanton filed suit.  Therefore, the delay was significant.

B.  Reasons for the Delay

Because Gwinn has also defaulted in this case and did not respond to Nautilus's motion, he has provided no explanation for his failure to give notice of Stanton's claims and suit. Stanton points to Gwinn's personal circumstances that were stated in the state court case to explain Gwinn's failure to give notice. Specifically, that Gwinn did not open court notices because he mistakenly believed that they pertained to his divorce rather than to Stanton's suit and that his personal circumstances made him non-responsive during the suit. Nautilus submits evidence that Gwinn deliberately chose not to give notice of the suit to Nautilus.[6]

Even if Gwinn's personal circumstances adequately explained his failure to notify Nautilus, Stanton has not provided reasons why Gwinn did not notify Nautilus in April of 2016 when he was given notice of Stanton's dissatisfaction with his work. There is no adequate explanation for the delay that supports a basis for excusing Gwinn's failure to give timely notice.

---

[6] In objecting to Gwinn's motion for reconsideration in state court (which was filed on his behalf by Nautilus), Stanton represented that during the state court hearing on periodic payments, held on February 6, 2018, Gwinn "testified that although he had an applicable insurance policy, he had chosen not to put his insurance carrier on notice of this action." Document 21-2, ¶ 17.

7

C.  <u>Prejudice</u>

Nautilus contends that it was prejudiced by Gwinn's failure to provide notice because the delay prevented it from responding to Stanton's claims.  Specifically, due to the delay, Nautilus lost the opportunity to resolve the matter with Stanton before suit was brought and then lost the opportunity to present a defense in the suit.  Gwinn defaulted, which resulted in an uncontested judgment.

Stanton appears to argue that Nautilus cannot claim prejudice because it did not file a motion to reconsider the default judgment in state court until five months after it knew of the suit and the judgment.  Stanton does not explain how the time between notice and Nautilus's response made any difference in the outcome.  The default judgment had already been entered against Gwinn, and there is no suggestion that an earlier motion to reconsider or to set aside the judgment would have been successful.

Therefore, Nautilus has shown that it was prejudiced by the delay in receiving notice of Stanton's claims, suit, and judgment.  <u>See, e.g.</u>, Sphere Drake Ins., PLC v. Madrigal Rental, Inc., 225 Fed. Appx. 498, 499 (9th Cir. 2007); Founders Ins. Co. v. Richard Ruth's Bar & Grill LLC, 2016 WL 3189213, at *13-14 (D.S.C. June 8, 2016);

D.  Result

Nautilus has shown that Gwinn did not provide notice of Stanton's dissatisfaction with his work, Stanton's suit against him, or the judgment.  The delay before Nautilus was informed of the suit and judgment was significant.  In addition, Nautilus has shown that it was prejudiced by the delay.

Therefore, Nautilus has shown that Gwinn's breach of his duty to notify was substantial.  That breach precludes insurance coverage for Stanton's claims and the default judgment.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment on Counts V and VII (document no. 19) is granted, which terminates the case.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 11, 2018

cc:  Michael F. Aylward, Esq.
     Jaye Rancourt, Esq.